UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ERIC J. ROTH and CORIN L. ROTH,

    Plaintiff,

v.

INTEGRITY 1ST FINANCIAL, LLC ; et al.,

    Defendants.

3:11-CV-0410-LRH-VPC

ORDER

    Before the court are defendants Ticor Title of Nevada ("Ticor") and Stanley S. Silva's ("Silva") motion to dismiss (Doc. #3[1]); MTC Financial Inc.'s ("MTC"), dba as Trustee Corps, motion to dismiss (Doc. #6); and LSI Title Agency, Inc.'s ("LSI") motion to dismiss (Doc. #14). Plaintiffs Eric J. Roth and Corin L. Roth (collectively "the Roths") filed oppositions to the motions (Doc. ##10, 13, 22) to which defendants replied (Doc. ##11, 20, 23).

**I.   Facts and Procedural History**

    In October 2005, the Roths purchased real property through a mortgage note and deed of trust executed by defendant Integrity 1st Financial, LLC ("Integrity"). The Roths defaulted on the loan and defendants initiated non-judicial foreclosure proceedings.

    Subsequently, on May 2, 2011, the Roths filed a complaint against defendants alleging nine

---

[1] Refers to the court's docketing number.

1  causes of action: (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade Practices
2  Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100; (4) breach of the
3  covenant of good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud; (8) slander of
4  title; and (9) abuse of process. Doc. #1, Exhibit A. Thereafter, moving defendants filed the present
5  motions to dismiss. Doc. ##3, 6, 14.

## II.  Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

2

true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.   Discussion**

    **A.  Debt Collection Violations**

Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here, the Roths allege that defendants violated the FDCPA by initiating a non-judicial foreclosure without following the proper procedures for attempting to collect a debt.

It is well established that non-judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev. 2010) (holding that recording a notice of default is not an attempt to collect a debt because the borrower already consented to allow the foreclosure trustee to record the notice upon default). Therefore, the court finds that the Roths fail to state a claim against moving defendants for violation of the FDCPA, and thereby NRS § 649.

    **B.  Nevada Unfair and Deceptive Trade Practices Act**

Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of Nevada without all required state, county or city licenses. NRS 598.0923(1). The Roths allege that defendants violated the statute by recording the underlying notice of default without having a state

3

1  business license. However, it is undisputed that defendant LSI took no action in recording the
2  notice of default. Because this defendant took no action in causing the notice of default to be
3  recorded, it cannot have violated the Nevada Unfair and Deceptive Trade Practices Act as a matter
4  of law.
5  　　　　Further, the allegations against Ticor and Silva, who actually recorded the notice of default,
6  and MTC who caused the notice of default to be recorded, are conclusory allegations that offer
7  nothing more than a formulaic recitation of the elements of a violation. As such, they are
8  insufficient to state a claim upon which relief can be granted. *See Moss*, 572 F.3d 969.
9  　　　**C.  Nevada Unfair Lending Practices Act**
10  　　　　NRS 598D.100 prohibits lenders from making loans "without determining, using
11  commercially reasonable means or mechanisms, that the borrower has the ability to repay the home
12  loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the
13  statute was amended. Although the Roths allege that defendants violated the present version of the
14  statute, their loan originated in 2005, prior to the current amendment. Therefore, the Roths's loan
15  cannot have violated the current statutory language requiring a determination that a borrower has
16  the ability to repay the loan.
17  　　　　Additionally, the Roths's unfair lending practices claim is barred by the applicable statute of
18  limitations. The statute of limitations on an unfair lending practices claim under NRS 598D is two
19  (2) years. *See* NRS § 11.190(3)(a). The Roths purchased the property in 2005, and did not file the
20  present action until 2011, over four years after the statute of limitations had expired. Accordingly,
21  the court shall grant moving defendants' motions as to this issue.
22  　　　**D.  Breach of Good Faith and Fair Dealing**
23  　　　　Under Nevada law, "[e]very contract imposes upon each party a duty of good faith
24  and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784
25  P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for
26

4

breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Initially, the court notes that there is no contract between the Roths and defendants Ticor, Silva, MTC, or LSI. The only contract at issue is the mortgage note originated by non-moving defendant Integrity. Therefore, the court finds that the Roths have failed to allege a sustainable claim for breach of the covenants of good faith and fair dealing as to these defendants.

**E.  NRS 107.080**

In their complaint, the Roths allege that defendants improperly foreclosed on their property because the promissory note was severed from the deed of trust and none of the defendants hold the original mortgage note. *See* Doc. #1, Exhibit A.

Nevada law does not require the production of the original note before one of the statutorily enumerated parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010). Therefore, the Roths fail to allege a claim upon which relief can be granted.

**F.  Quiet Title**

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, moving defendants do not claim any interest in the property adverse to the Roths' interest. Therefore, the Roths have no grounds to quiet title against moving defendants.

///

///

5

### G. Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, the Roths fail to allege anything more than defendants defrauded them during the loan process. There are no allegations of who failed to provide information or what information was not provided. Further, the Roths fail to specifically allege the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that the Roths' allegations are insufficient to support their claim for fraud.

### H. Slander of Title

A claim for slander of title "involves false and malicious communications, disparaging to one's title in land, and causing special damages." *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998).

Here, the recorded notice of default and notice of trustee's sale are not false and malicious communications disparaging the Roths' title. First, the Roths concede that they were in default on their loan. Thus the notice of default does not make a false statement about the title to the property. Second, it is not false that the property was to be sold at a trustee's sale. Therefore, the court finds that the Roths have failed to state a claim for slander of title.

### I. Abuse of Process

To establish a claim for abuse of process a party must show that an opposing party (1) had an ulterior purpose for bringing a legal action other than resolving a legal dispute, and (2) used the

6

legal process in a way that is not proper in the regular conduct of the proceeding. *Las Vegas Fetish and Fantasy Halloween Ball, Inc. v. Ahern Rentals*, 182 P.3d 764, 767 (Nev. 2008); *Georgiou Studio, Inc. v. Boulevard Invest, LLC*, 663 F. Supp. 2d 973, 982 (D. Nev. 2009).

Here, the court finds that the Roths have failed to allege any facts demonstrating that defendants had an ulterior motive in initiating non-judicial foreclosure proceedings other than the resolution of their default on the mortgage note. Further, the process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim. *See e.g., Smith v. Wachovia Mortgage Corp.*, 2009 WL 1948829, *5 (N.D. Cal. 2009). Therefore, the court finds that the Roths have failed to state a claim for abuse of process. Accordingly, the court shall grant moving defendants' motions to dismiss.[2]

IT IS THEREFORE ORDERED that defendants' motions to dismiss (Doc. ##3, 6, 14) are GRANTED. Defendants Ticor Title of Nevada; Stanley S. Silva; MTC Financial Inc., dba as Trustee Corps; and LSI Title Agency, Inc. are DISMISSED as defendants in this action.

IT IS FURTHER ORDERED that defendant's motion to strike (Doc. #9) is DENIED as moot.

IT IS SO ORDERED.

DATED this 14th day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] The court, in granting defendants' motions to dismiss, notes that the Roths did not request leave to amend their complaint. However, even if they did request leave to amend, the court would deny the request because they have failed to make any showing that amendment in this particular case would not be futile or that they could overcome the identified pleading defects.