1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                        * * *

                                           )
9   ERIC J. ROTH and CORIN L. ROTH,        )
                                           )
10              Plaintiff,                  )          3:11-CV-0410-LRH-VPC
                                           )
11  v.                                     )
                                           )          ORDER
12  INTEGRITY 1ST FINANCIAL, LLC ; et al., )
                                           )
13              Defendants.                )
    ——————————————————————                 )

14

15          Before the court is plaintiffs Eric J. Roth and Corin L. Roth's (collectively "the Roths")

16  motion for reconsideration of the court's order granting defendants' various motions to dismiss

17  (Doc. #25[1]). Doc. #26. Defendants filed an opposition (Doc. #27) to which the Roths replied

18  (Doc. #28).

19  **I.      Facts and Procedural History**

20          In October 2005, the Roths purchased real property through a mortgage note and deed of

21  trust executed by defendant Integrity 1st Financial, LLC ("Integrity"). The Roths defaulted on the

22  loan and defendants initiated non-judicial foreclosure proceedings.

23          Subsequently, on May 2, 2011, the Roths filed a complaint against defendants alleging nine

24  causes of action:  (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade Practices

25  

26  
_____

          [1] Refers to the court's docketing number.

1   Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100; (4) breach of the

2   covenant of good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud; (8) slander of

3   title; and (9) abuse of process. Doc. #1, Exhibit A.

4          In response, defendants filed a series of motions to dismiss (Doc. ##3, 6, 14) which were

5   granted by the court (Doc. #25). Thereafter, the Roths filed the present motion for reconsideration.

6   Doc. #26.

7   **II.    Discussion**

8          The Roths bring their motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A

9   motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of

10  finality and conservation of judicial resources." *Kona Enters., Inc. v. Estaet of Bishop*, 229 F.3d

11  887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order

12  where the court is presented with newly discovered evidence, an intervening change of controlling

13  law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see*

14  *also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah*

15  *County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

16         In their motion, the Roths contend that there has been an intervening change in controlling

17  law such that the court's prior order is in error. *See* Doc. #26. Specifically, the Roths contend that

18  the recent Ninth Circuit decision in *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th

19  Cir. September 7, 2011), establishes that a party must be a holder of both the mortgage note and

20  deed of trust to initiate non-judicial foreclosure proceedings. *Id*.

21         The court has reviewed the documents and pleadings on file in this matter and finds that

22  reconsideration of the court's order is not warranted. The Roth's reliance on *Cervantes* is

23  misplaced. First, that decision is based solely on the application of Arizona law which differs

24  greatly from Nevada law in terms of non-judicial foreclosures. Nevada law does not require the

25  production of the original note before one of the statutorily enumerated parties initiates a non-

26

judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D.

Nev. 2010). Second, the *Cervantes* court re-established the legality of statutorily enumerated parties

initiating non-judicial foreclosure proceedings against a defaulting party. *See Cervantes*, 656 F.3d

at 1044. Therefore, the court finds that the Roth's motion for reconsideration is without merit and

shall deny the motion accordingly.


        IT IS THEREFORE ORDERED that plaintiffs' motion for reconsideration (Doc. #26) is

DENIED.

        IT IS SO ORDERED.

        DATED this 20th day of December, 2011.

                                        _____
                                        LARRY R. HICKS
                                        UNITED STATES DISTRICT JUDGE

3